NO. 07-09-0181-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 16, 2009

_____


MID-CONTINENT GROUP D/B/A MID-CONTINENT CASUALTY
AND MID-CONTINENT INSURANCE, APPELLANT

V.

KENNETH GOODE, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-536,112; HONORABLE RUBEN REYES, JUDGE

_____


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Mid-Continent Group, d/b/a Mid-Continent Casualty and Mid-Continent Insurance, appeals an adverse judgment rendered in favor of Appellee, Kenneth Goode, on March 6, 2009.  Appellant timely filed notice of appeal on June 4, 2009.  The Clerk's Record was filed on August 4, 2009.  On August 28, 2009, Susan Myatt, CSR, filed seven

of eight volumes of the Reporter's Record. Volumes one through six consists of a Master Index (Volume 1), pretrial proceedings on September 14 and 19, 2007, (Volumes 2 and 3 respectively), as well as trial proceedings on September 22, 23, and 24, 2007, (Volumes 4, 5, and 6 respectively). Volume 6 concludes with the return of the jury's verdict and discharge of the jury by the court. Volume 8 is a record of exhibits. At the time of the filing of the Reporter's Record, this Court was informed that Volume 7 would be prepared by a different court reporter, Lindi Reeves, who had substituted for the original court reporter during a post-trial proceeding on November 7, 2008. We have now received a sworn affidavit from Lindi Reeves, entitled *Affidavit Regarding Lost/Stolen Notes*, wherein she states that the entire record of proceedings for November 7, 2008, was lost when her vehicle was broken into and her stenography machine stolen. Her affidavit is supported by a police report.

An appellant is entitled to a new trial if the appellant has timely requested a reporter's record; if, without the appellant's fault, a *significant* portion of the court reporter's notes and records has been lost; if the lost portion of the record is *necessary* to the appeal's resolution; and if the lost portion of the reporter's record *cannot be replaced* by agreement of the parties. Tex. R. App. P. 34.6(f).

The issues of significance, necessity, and replaceability are matters that this Court cannot fully determine from the record presently before us. Therefore, in the interest of

justice, we now abate this appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to determine the following questions:

(1) What was the purpose of the November 7, 2008 hearing?

(2) Was any evidence presented during the November 7, 2008 hearing; and, if so, what was the nature of that evidence?

(3) If evidence was presented during the November 7, 2008 hearing, can that portion of the reporter's record be replaced by agreement of the parties?

The trial court is further ordered to execute findings of fact, conclusions of law, and any orders it may deem necessary regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be prepared. Finally, the trial court shall cause the supplemental clerk's record and supplemental reporter's record, if any, to be filed with the Clerk of this Court on or before December 4, 2009.

It is so ordered.

Per Curiam

3